# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
December 13, 2012
Lyle W. Cayce
Clerk

No. 11-31172

MD 10-2179 J
10 cv 1986

IN RE: DEEPWATER HORIZON

---

TERRY G. ROBIN, Individually and on behalf of all members of the 3 classes represented by the named plaintiffs including individuals/entities which are landowners, individuals/entities which are commercial fisherman, shrimpers, oyster harvesters, etc.; CAROLYN FRIERE; DOROTHY MOLERO; JANICE GONZALES; JANET ESTAVEZ; RICKY ESTAVEZ; ANABELLE NUNEZ; DARDINELLA LONG; KAREN SCOTT; MARIE CAMPO; LARRY FRILOT; B.M. PERRY, II, LIMITED; DAVID ESTAVEZ,

                                    Plaintiffs - Appellants

v.

SEACOR MARINE, L.L.C.; SEACOR MARINE, INCORPORATED; SEACOR MARINE INTERNATIONAL, INCORPORATED; NAUTICAL VENTURES, L.L.C.; ISLAND VENTURES, II; JOE GRIFFIN MV, in rem; MR. SIDNEY MV, in rem; SEACOR WASHINGTON MV, in rem; SEACOR VANGUARD MV, in rem,

                                    Defendants - Appellants

consolidated with

---

No. 11-31178

MD 10-2179 J
10-3895

In Re: In the Matter of the Complaint of Seacor Worldwide, Incorporated, As Beneficial Owner, Registered Owner, and Managing Owner of the M/V Seacor Lee, for Exoneration from or Limitation of Liability

Loretta G. Whyte Clerk stamp, Filed Jan 16 2013, Eastern District of Louisiana; Fee/Process/Dktd/CtRmDep/Doc. No. checkboxes

Nos. 11-31172, 11-31178, 11-31179, 11-31180, 11-31181, & 11-31183

---

SEACOR HOLDINGS, INCORPORATED; SEACOR OFFSHORE, L.L.C.; SEACOR MARINE, L.L.C.; SEACOR WORLDWIDE, INCORPORATED, As Beneficial Owner, Registered Owner, and Managing Owner of the M/V Seacor Lee Petitioning for Exoneration from or Limitation of Liability,

                              Petitioners - Appellees

v.

TERRY G. ROBIN; AIMAN ABDEL; CARL ALEXANDER; SERGIO ALVARADO; BILLY BENSEL; ET AL.,

                              Claimants - Appellants

consolidated with

---

No. 11-31179

MD 10-2179
12-3896

In Re: In the Matter of the Complaint of Seacor Marine, L.L.C., As Beneficial Owner, Registered Owner, and Managing Owner of the M/V Seacor Vanguard, for Exoneration from or Limitation of Liability

---

SEACOR HOLDINGS, INCORPORATED; SEACOR OFFSHORE, L.L.C.; SEACOR MARINE, L.L.C., As Beneficial Owner, Registered Owner, and Managing Owner of the M/V Seacor Vanguard Petitioning for Exoneration from or Limitation of Liability,

                              Petitioners - Appellees

v.

TERRY G. ROBIN; AIMAN ABDEL; CARL ALEXANDER; SERGIO ALVARADO; BILLY BENSEL; ET AL.,

                              Claimants - Appellants

consolidated with

Nos. 11-31172, 11-31178, 11-31179, 11-31180, 11-31181, & 11-31183

---

No. 11-31180

MD 10-2179 J
10-3897

In Re: In the Matter of the Complaint of Siemens Financial, Incorporated, As Beneficial Owner, Registered Owner, and Managing Owner of the M/V Seacor Washington, for Exoneration from or Limitation of Liability

---

SEACOR HOLDINGS, INCORPORATED; SEACOR OFFSHORE, L.L.C.; SEACOR MARINE, L.L.C., SIEMENS FINANCIAL, INCORPORATED, As Beneficial Owner, Registered Owner, and Managing Owner of the M/V Seacor Washington Petitioning for Exoneration from or Limitation of Liability,

              Petitioners - Appellees

v.

TERRY G. ROBIN; AIMAN ABDEL; CARL ALEXANDER; SERGIO ALVARADO; BILLY BENSEL; ET AL.,

              Claimants - Appellants

consolidated with

---

No. 11-31181

MD 10-2179 J
10-4168

In Re: In the Matter of the Complaint of Island Ventures, II, L.L.C., As Owner of the M/V Joe Griffin, for Exoneration from or Limitation of Liability

---

ISLAND VENTURES, II, L.L.C., As Owner of the M/V Joe Griffin, Petitioning for Exoneration from or Limitation of Liability,

              Petitioner - Appellee

v.

TERRY G. ROBIN; AIMAN ABDEL; CARL ALEXANDER; SERGIO ALVARADO; BILLY BENSEL; ET AL.,

Nos. 11-31172, 11-31178, 11-31179, 11-31180, 11-31181, & 11-31183

Claimants - Appellants

consolidated with

No. 11-31183

In Re: In the Matter of the Complaint of Nautical Solutions, L.L.C., As Owner of the M/V Mr. Sidney, for Exoneration from or Limitation of Liability

NAUTICAL SOLUTIONS, L.L.C., As Owner of the M/V Mr. Sidney, Petitioning for Exoneration from or Limitation of Liability,

Petitioner - Appellee

v.

TERRY G. ROBIN; AIMAN ABDEL; CARL ALEXANDER; SERGIO ALVARADO; BILLY BENSEL; ET AL.,

Claimants - Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179

Before HIGGINBOTHAM, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

4

Nos. 11-31172, 11-31178, 11-31179, 11-31180, 11-31181, & 11-31183

Terry Robin and a group of persons asserting losses ("Plaintiffs") as a result of the 2010 *Deepwater Horizon* incident[1] sued Defendant rescue vessels and their owners and/or operators ("Defendants") for economic damages and personal injuries allegedly incurred as a result of the incident. Plaintiffs asserted a claim for general maritime law negligence, a claim under the Oil Pollution Act of 1990, and a negligence claim under Louisiana state law, alleging that Defendants' negligence in attempting to extinguish the fire on the *Deepwater Horizon* ultimately caused the oil spill and Plaintiffs' resulting damages. Specifically, Plaintiffs alleged that "[a]s a result of the flooding of the rig by the fireboats, the rig began to sink. When the rig turned and began to sink, the pipe connected to the wellhead collapsed and fell to the sea floor." Further, they claimed that "[t]he actions of Defendants were independent of the fire and are separate and distinct causes of the resulting mega-spill of oil that continues to cause Plaintiffs' damages."

Defendants moved for a judgment on the pleadings under Federal Rules of Civil Procedure 12(b)(6) and 12(c). Pertinent to this appeal, the district court dismissed Plaintiffs' general maritime law negligence claim on the ground that it did not state a plausible claim of foreseeability of the types of harm alleged. Alternatively, the district court concluded that all general maritime law negligence claims except those of Terry Robin, a commercial fisherman, and Rafael Lopez, Aiman Abdel, and Sergio Alvarado, personal-injury claimants,[2] were also subject to dismissal under the rule announced in *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), as articulated in *Louisiana ex rel. Guste v. M/V Testbank*, 752 F.2d 1019, 1021 (5th Cir. 1985) (en banc) (limiting

---

[1] For a description of this incident, see the district court's opinion in this case, *In re Oil Spill*, MDL No. 2179 Section: J, 2011 U.S. Dist. LEXIS 117969 (E.D. La. Oct. 12, 2011).

[2] The plaintiffs allege that they were personally injured by exposure to dispersants.

Nos. 11-31172, 11-31178, 11-31179, 11-31180, 11-31181, & 11-31183

plaintiffs' foreseeable injuries by finding that general economic losses absent physical injuries are unrecoverable). *In re Oil Spill*, 2011 U.S. Dist. LEXIS 117969, at *22 n.10. We AFFIRM.

At the outset, we note that Plaintiffs failed to challenge this alternate holding in their opening brief. Accordingly, we conclude that any such challenge is waived. *See R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 220 n.3 (5th Cir. 2005) (noting that where appellant challenges only one alternate holding, argument that other holding was in error is waived). Under the alternate holding, however, the claims of Robin, Lopez, Abdel, and Alvarado ("Remaining Plaintiffs") remain, a point that Defendants do not challenge. Thus, we consider whether the dismissal on the pleadings as to the Remaining Plaintiffs was proper.

"We review de novo a district court's ruling on a Rule 12(c) motion for judgment on the pleadings." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). "A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *Id.* at 209-10. To survive Defendants' motion, Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Although the court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff . . . [, it] do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *In re Great Lakes*, 624 F.3d at 210 (internal quotation marks and citation omitted).

We conclude that the district court correctly determined that the damages alleged by the Remaining Plaintiffs are too attenuated and distant from the alleged negligence of the Defendants to state a plausible claim of foreseeability, as required for proximate cause. As the district court stated:

6

> In order to foresee such a result, the Defendants would have had to have anticipated that spraying water on the [mobile offshore drilling unit, i.e., the *Deepwater Horizon*] would probably cause the vessel to capsize, and would probably cause the connecting pipe to collapse, and the blowout preventer would probably not control the flow of hydrocarbons, and the discharge would probably flow unabated for three months, and that oil would probably flow fifty miles inland. Moreover, as to those Claimants who assert physical injury damages from chemical dispersant, the harm is even further removed from Defendants' scope of duty, given that the decision to use an allegedly toxic dispersant appears to have been made by parties other than Defendants . . . .[3]

*In Re Oil Spill*, 2011 U.S. Dist. LEXIS 117969, at *20. We agree. Accordingly, we AFFIRM the judgment of the district court.

---

[3] The three personal-injury claimants do not allege otherwise. They claim to have been exposed to toxic dispersants used to control the oil spill that was, in turn, allegedly caused by Defendants. They do not allege that Defendants themselves used the toxic dispersants.

Case: 11-31172    Document: 0051209592    Page: 1    Date Filed: 12/27/2012

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

## BILL OF COSTS

NOTE: The Bill of Costs is due in this office within 14 days from the date of the opinion, See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

TERRY G. ROBIN, et al    v. SEACOR MARINE, LLC, et al    No. 11-31172 c/w 11-31178, 11-31179, 11-31180, 11-31181, 11-31183

The Clerk is requested to tax the following costs against: Terry Robin, et al - Appellants

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | 10 | 48 | 0.15 | 72 | 10 | 48 | .15 | 72.00 |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 15 | 50 | 0.15 | 112.5 | 15 | 50 | .15 | 112.50 |
| Appellant's Reply Brief | | 1 | 1.74 | 26.1 | 15 | | 1.50 | 22.50 |
| Other: Binding | 15 | | | | | | | |

Total $ 210.6

Costs are hereby taxed in the amount of $ 207.00 this 4th day of January, 2012

LYLE W. CAYCE, CLERK

By _Lyle Cayce_ 
Deputy Clerk

Costs are taxed in the amount of $ 207.00

State of Louisiana
County of Orleans
Parish

I, Gary A. Hemphill, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 27th day of December, 2012.

_signature_
(Signature)

Attorney for Seacor Marine, LLC

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS